[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2001
THOMAS K. KAHN
CLERK

_____

No. 98-6069

_____

D. C. Docket No. 97-00092-CV-AR-S

PATRICIA GARRETT,

Plaintiff-Appellant,

versus

THE UNIVERSITY OF ALABAMA
AT BIRMINGHAM BOARD OF TRUSTEES,

Defendant-Appellee,

THE UNITED STATES OF AMERICA,

Intervenor.

\*    \*    \*    \*    \*    \*    \*

_____

No. 98-6070

_____

D. C. Docket No. 97-02179-CV-AR-S

MILTON ASH,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF YOUTH SERVICES,

Defendant-Appellee,

THE UNITED STATES OF AMERICA,

Intervenor.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(August 16, 2001)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before ANDERSON, Chief Judge, RONEY, Circuit Judge, and COOK[*], District Judge.

PER CURIAM:

This case is before the court on remand from the United States Supreme Court, *see Board of Trustees of the Univ. of Alabama v. Garrett,* __U.S. __ No. 99-1240 (U.S. Feb. 21, 2001), regarding the issue whether two Alabama state agencies were entitled to sovereign immunity regarding claims brought against them under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. The district court in this case entered summary judgment in favor of the state agencies. Adhering

_____

[*] Honorable Julian Abele Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation.

2

to our intervening decision in *Kimel v. State Bd. of Regents*, 139 F.3d 1426,1433 (11th Cir. 1998), *cert. granted*, 525 U.S. 1121, *cert. dismissed*, 528 U.S. 1184(2000), we held that the state is not immune from suit under the ADA and reversed the judgment of the district court against plaintiffs. *See Garrett v. University of Ala. at Birmingham Bd. of Trustees*, 193 F.3d 1214, 1218 (11th Cir.1999). The Supreme Court granted certiorari in this case to resolve a split among the Courts of Appeals on this question, and reversed our decision, holding that suits in federal court by state employees to recover money damages by reason of the state's failure to comply with the ADA are barred by the Eleventh Amendment. In *Garrett*, we also held that the "decision under the Rehabilitation Act is also controlled by this Court's decision as to the ADA in *Kimel*." 193 F.3d at 1218. Accordingly, the judgment of the district court regarding both the ADA and the Rehabilitation Act must be affirmed based on the Supreme Court's decision.

AFFIRMED.